UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalinga Karagi Sr., United States, | ) C/A No. 3:09-1316-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| State of South Carolina, Richland County, | ) |
| Defendant. | ) |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

The *pro se* Plaintiff filed as his Complaint in this case what is possibly some kind of request for the investigation of possible criminal civil rights violations that he sent to the Department of Justice via e-mail. In the document, a criminal statute: 18 U.S.C. § 242, is cited and the contents of the statute are somewhat summarized; however, there are no factual allegations of specific wrongdoing against any person or other entity. At the very end of the document, right before Plaintiff's signature, there is reference to the fact that "law enforcement officials, individuals such as Mayors, Council persons, Judges . . ." are included in the definition of persons or entities that "under color of state law" as used in the cited statute. There is no specific request for any form of relief anywhere on the document submitted as the Complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*,


64 F. 3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F. 2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F. 2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F. 2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F. 2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F. 2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F. 2d 1147, 1151 (4th Cir. 1978). Although we are bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *See Brown v. Zavaras*, 63 F. 3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F. 3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F. 2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In this case, the most that can be said of the content of Plaintiff's Complaint is that it

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F. 3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F. 2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

summarizes the content and purpose of one federal criminal statute: 18 U.S.C. § 242. It is settled, however, that a federal criminal statute such as that cited by Plaintiff does not provide a private right of action to persons such as Plaintiff for enforcement of those statutes in civil courts. *Rockefeller v. U.S. Ct. of Appeals Office, for the Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (collecting cases).

Moreover, where a complaint fails to state a request for relief, it is subject to summary dismissal for frivolity. Were this Court to find that Plaintiff's rights have been violated in some way, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F. 2d 931, 933 (1st Cir. 1983); *see Norvell v. Sangre de Cristo Dev. Co.*, 519 F. 2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in *Pub. Serv. Co. v. EPA*, 225 F. 3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to request specific relief, the court stated,

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *U. S. v. Burlington N. R.R.*, 200 F. 3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F. 3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution").

Finally, to the extent that Plaintiff's Complaint could somehow be liberally construed as seeking some kind of relief from this Court either in the form of institution of criminal charges under 18 U.S.C. § 242 or in the form of a request for an award of damages because such criminal charges are not instituted under the statute, this case is still subject to summary dismissal without service on the Defendant because the Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or other legal entity. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S.*

*v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F. 2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F. 2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under 42 U.S.C. § 1983[2] based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g.*, *McKee v. City of Rockwall*, 877 F. 2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F. 2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); *Campbell v. Bowlin*, 724 F. 2d 484 (5th Cir. 1984)(plaintiff should have been permitted to have jury consider § 1983 claim where he presented proof that showed he was denied municipal services on account of his race); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F. Supp. 727 (D. P.R. 1990)(no cause of action under § 1985 against judge and prosecutor for failing to arrest person where no allegations of illegal discrimination); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice").

As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F. 2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F. 3d 417(6th Cir. 1996)(emphasis added).

> if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the Plaintiff] and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F. 2d 616, 618 (7th Cir. 1982)(emphasis added).

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F. 2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F. 2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F. 2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin*, 545 F. 2d 565, 567, 569 (7th Cir. 1976)). The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based

discrimination is stated. A close and careful examination of the allegations contained in the Plaintiff's Complaint does not disclose any reference to any specific federal constitutional or statutory rights allegedly violated by the Defendant's action or inaction, nor are there any allegations that Defendant failed or refused to act on Plaintiff's behalf because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated, even under the most liberal construction of the Complaint in this case.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

June 3, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).