IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kalinga Karagi, Sr., | ) | C/A No.:   3:09-1316-JFA-JRM |
|                          Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| State of South Carolina; Richland County, | ) | |
|                         Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Kalinga Karagi, brings this action asserting claims against the defendants in a pleading styled "Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law." It is not clear, even under the most liberal construction, however, the gist of plaintiff's complaint.

The Magistrate Judge assigned to this action[1] has prepared a detailed Report and Recommendation wherein he suggests summary dismissal of the case without prejudice and without issuance and service of process because plaintiff's allegations are factually frivolous under 28 U.S.C. § 1915(e). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 4, 2009. In a series of five, one-

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

page letters filed with the court, the plaintiff proceeds to randomly discuss issues unrelated to the Report or the vague claims raised in his complaint. For example, the plaintiff describes his various machine gun surgeries and his post-operation hygiene. He also discusses his father's heritage in Zaire and various events when he was a young boy in the Congo. He then describes his father's house and its furnishings from 1985 and the types of cars his father used to drive. The court cannot properly construe these letters as objections and as such will overrule all such submissions that do not directly or specifically address the Report and Recommendations.[2]

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

June 25, 2008                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[2] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

2